**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 23-6067**

───────────

ROY DEAN PRATT,

        Petitioner - Appellant,

    v.

R. M. WOLFE, Warden,

        Respondent - Appellee.

───────────

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  John Preston Bailey, District Judge.  (5:22-cv-00194-JPB)

───────────

Submitted:  May 23, 2023                Decided:  May 26, 2023

───────────

Before AGEE, WYNN, and QUATTLEBAUM, Circuit Judges.

───────────

Affirmed as modified by unpublished per curiam opinion.

───────────

Roy Dean Pratt, Appellant Pro Se.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roy Dean Pratt, a federal prisoner, appeals the district court's order accepting the magistrate judge's recommendation and denying relief on Pratt's 28 U.S.C. § 2241 petition, in which he sought to challenge his conviction and sentence by way of the savings clause in 28 U.S.C. § 2255, and the court's subsequent order denying Pratt's motion to reconsider. Pursuant to § 2255(e), a prisoner may challenge his convictions and sentence in a traditional writ of habeas corpus under § 2241 if a § 2255 motion would be inadequate or ineffective to test the legality of his detention. Here, the district court correctly determined that Pratt may not challenge the validity of his conviction and sentence through a § 2241 petition, as he identified neither a qualifying substantive change in the law relevant to his conviction, *In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000), nor a retroactive change in the substantive law affecting his sentence, *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018).

Accordingly, we affirm the district court's orders, *Pratt v. Wolfe*, No. 5:22-cv-00194-JPB (N.D. W. Va. Oct. 24, 2022; Nov. 23, 2022), as modified to reflect that the dismissal of Pratt's petition for lack of jurisdiction must be without prejudice, *see S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013) ("A dismissal for lack of . . . subject matter jurisdiction . . . must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits.").

2

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED AS MODIFIED*